UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DECALVIN RAPHIEL, ET AL.**        **CIVIL ACTION**

**VERSUS**        **No. 21-1814**

**ST. TAMMANY PARISH INC., ET AL**        **SECTION I**

### ORDER & REASONS

Before the Court is a motion[1] by defendants, Guardian Services, LLC ("Guardian"), Sidney G. McCann, and Marsha M. McCann (collectively, the "Guardian defendants"), to dismiss the above-captioned action for failure to state a claim or, alternatively, a motion for a more definite statement. *Pro se* plaintiffs, DeCalvin Raphiel and Gigi Raphiel, oppose[2] the motion. For the reasons that follow, the Court will grant the motion to dismiss.

### I. BACKGROUND

Plaintiffs instituted the instant action on September 27, 2021, and subsequently amended their complaint to name additional defendants.[3] All defendants except for the Guardian defendants were subsequently dismissed from the action.[4] Although plaintiffs' complaint is written in an unclear manner, the alleged facts relevant to the Guardian defendants appear to be as follows.

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 20. Plaintiffs' opposition consists of four sentences. Although it is difficult to understand, it does not appear to address the arguments raised in the motion to dismiss, except insofar as it suggests that the motion to dismiss is "frivolous."
[3] R. Doc. Nos. 1, 2.
[4] R. Doc. No. 27.

Plaintiffs allege that they purchased a 2021 Nissan Verse from Nissan Acceptance Corporation, LLC ("Nissan") on December 31, 2020, and took various steps to "authenticate[]" their ownership of the Nissan Verse.[5] The complaint indicates that plaintiffs paid some amount of money to Nissan, but the precise sum of their payments is unclear.[6] The complaint states that plaintiffs began receiving debt collection phone calls in May 2021.[7] Plaintiffs allege that Nissan hired Guardian to repossess the Nissan Verse, and that Guardian did so on June 17, 2021.[8] Plaintiffs state that DeCalvin Raphiel's firearm was in the vehicle when it was repossessed.[9]

Plaintiffs raise various legal claims, all of which are difficult to discern. As relevant to the instant motion, plaintiffs assert that Guardian violated the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collections Practice Act ("FDCPA").[10] Although plaintiffs named Marsha and Sidney McCann as defendants, there is no mention of either individual in the body of the complaint.

## II. STANDARD OF LAW

Pursuant to Rule 12(b)(6), a district court may dismiss a complaint or part of a complaint when a plaintiff fails to set forth well-pleaded factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007); see *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). The

---

[5] R. Doc. No. 1, at 4.
[6] *Id.*
[7] *Id.*
[8] *Id.* at 4–5.
[9] *Id.* at 5.
[10] *Id.*

2

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570). If the well-pleaded factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. Proc. 8(a)(2)) (alteration in original).

In assessing the complaint, a court must accept all well-pleaded facts as true and construe all factual allegations in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). "[T]he Court must typically limit itself to the contents of the pleadings, including attachments thereto." *Admins. of the Tulane Educ. Fund v. Biomeasure, Inc.*, No. 08-5096, 2011 WL 4352299, at *3 (E.D. La. Sept. 16, 2011) (Vance, J.) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). In assessing a complaint, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

"Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (alteration in original)).

### III.  ANALYSIS

At the outset, the Court notes that, although Marsha and Sidney McCann are named as defendants in this action, plaintiffs make no mention of these individuals in the body of the complaint. Accordingly, plaintiffs have not stated a claim against the McCanns. The Court turns now to plaintiffs' claims against Guardian.

**A. Fair Credit Reporting Act Claims**

The Fair Credit Reporting Act "imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized under the statute." *Norman v. Northland Group, Inc.*, 495 F. App'x. 425, 426 (5th Cir. 2012) (citing 15 U.S.C. §§ 1681b(f), 1681n(a)). "However, the statute expressly permits distribution of a consumer report to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.'" *Id*. (quoting 15 U.S.C. § 1681b(a)(3)(A)).

The Guardian defendants argue that plaintiffs have not "allege[d] facts that indicate that [the Guardian defendants] had access to Plaintiffs' credit history, made any changes to Plaintiffs' credit report, or distributed it to other parties," and, as such, that plaintiffs have not stated a claim under the FCRA.[11] The Court concurs.

---

[11] R. Doc. No. 10-1, at 4.

4

Nothing in the complaint indicates that the Guardian defendants accessed plaintiffs' consumer report at all, let alone for an unauthorized purpose. Accordingly, the Court will dismiss plaintiffs' FCRA claims against the Guardian defendants.

**B. Fair Debt Collections Practice Act Claims**

The Fair Debt Collection Practices Act "seeks to eliminate 'abusive, deceptive, and unfair debt collection practices' by regulating the type and number of contacts a 'debt collector' can make with a debtor." *Reyes v. Julia Place Condo. Homeowners Ass'n*, No. 12-2043, 2017 WL 466359, at *2 (E.D. La. Feb. 1, 2017) (Barbier, J.), *aff'd sub nom. Reyes v. Steeg L., LLC*, 760 F. App'x 285 (5th Cir. 2019) (quoting 15 U.S.C. § 1692). "In order to prevail on an FDCPA claim, plaintiff must prove that: (1) [he] has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Id.* (quoting *Matter of Mayer*, 199 B.R. 616, 619 (E.D. La. 1996)).

The Guardian defendants argue that, "[a]lthough Plaintiffs allege that they received numerous phone calls from debt collectors, they do not assert that Guardian Defendants made any of the allegedly 'harassing' phone calls."[12] Additionally, "Plaintiffs do not allege that Guardian Defendants, in particular, harassed, oppressed, or abused Plaintiffs, nor allege that Guardian Defendants made false misleading, or deceptive statements, in any way."[13] The Court again concurs.

---

[12] R. Doc. No. 11-1, at 5.
[13] *Id.*

5

Regarding Guardian, the complaint only alleges that Nissan hired Guardian to repossess the Nissan Verse.[14] The complaint does not indicate that Guardian made any of the debt collection phone calls, and instead seems to suggest that Nissan hired Guardian to repossess the car *after* the collection calls occurred.[15] Plaintiffs' conclusory assertion that Guardian failed to comply with the FDCPA is insufficient to state a claim. Accordingly, the Court will dismiss the FDCPA claim.

## IV. CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that the motion to dismiss is **GRANTED**, and the above-captioned case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, January 24, 2022.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. No. 1, at 4–5.
[15] *Id.*