UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DECALVIN RAPHIEL, ET AL.                                    CIVIL ACTION

VERSUS                                                            No. 21-1814

ST. TAMMANY PARISH INC., ET AL                         SECTION I

ORDER & REASONS

Before the Court is plaintiffs' motion[1] to reopen the instant action. The Court entered judgment in this action on January 24, 2022.[2] For the reasons that follow, the Court will deny the motion.

The Federal Rules of Civil Procedure make no provision for "motions to reopen." *Butcher v. Superior Offshore Int'l, LLC*, No. 07-8136, 2009 WL 10710265, at *1 (E.D. La. Jan. 30, 2009) (Vance, J.) (citing *Eavenson v. Amresco, Inc.*, 213 F.3d 639, at *5 (5th Cir. 2000)). "However, such motions may be treated by a court as either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment." *Eavenson*, 213 F.3d at *5.

Whether Rule 59(e) or Rule 60(b) governs the instant motion depends on the date upon which the motion is filed. *See, e.g.*, *id.* "If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e) . . . However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b)." *Celino v. Biotronik, Inc.*,

---

[1] R. Doc. No. 37.
[2] R. Doc. No. 29.

No. 20-2298, 2021 WL 4460338, at *2 (E.D. La. Sept. 29, 2021) (Africk, J.) (quoting *Thompson v. Dep't of the Interior*, No. 16-17542, 2018 WL 4909910, at *2 (E.D. La. Oct. 10, 2018) (Barbier, J.); citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). Because the motion was filed more than twenty-eight days after the judgment[3] in this matter, the Court will consider plaintiff's motion pursuant to Rule 60(b).

Rule 60(b) relief is "uncommon" and "will be afforded only in 'unique circumstances.'" *Lowry Dev., LLC v. Groves & Assocs. Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (quoting *Wilson v. Atwood Group*, 725 F.2d 255, 257, 258 (5th Cir. 1984)). "The Rule is to be 'liberally construed in order to do substantial justice,' but at the same time, 'final judgments should [not] be lightly reopened.'" *Lowry Dev., LLC*, 690 F.3d at 385 (citation omitted).

When deciding whether to grant relief under Rule 60(b), the Court may consider several factors:

> (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether— if the judgement was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

---

[3] R. Doc. No. 29.

*Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)).

Plaintiffs do not provide any argument in their motion to reopen. Thus, they have not established that Rule 60(b) relief is warranted in this matter. Accordingly,

**IT IS ORDERED** that the motion to reopen is **DENIED.**

New Orleans, Louisiana, June 15, 2022.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

3